F I L E D
Clerk
District Court
AUG 19 2024
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MARIA VERNA LIZA SABLAN,<br><br>Plaintiff,<br>v.<br><br>SABLAN CORP., SABLAN ENT., INC., SABLAN CONSTRUCTION CO., LTD., AND CONRAD M. SABLAN,<br><br>Defendants. | Case No. 1:22-cv-00013<br><br>**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Maria Verna Liza Sablan ("Maria") initiated this civil action based on diversity jurisdiction against Defendants Sablan Corp., Sablan Construction Co., Ltd., Sablan Ent., Inc. ("Defendant Corporations"), and Conrad M. Sablan ("Conrad") (collectively "Defendants") for declaratory and injunctive relief as well as monetary damages stemming from a divorce action between Maria and Conrad in the Superior Court of the Commonwealth of the Northern Mariana Islands ("Superior Court"). Now before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 11 (Defendants Sablan Corp., Sablan Construction Co., Ltd., and Conrad), 12 (Def. Sablan Ent. Joinder)). Maria opposed (ECF No. 13) the Motion, to which Defendants replied (ECF Nos. 14, 15).

At the hearing on Defendants' Motion, the Court permitted the parties to submit supplemental briefs on whether the domestic relations exception applies in this action and whether the Court should abstain in this matter. Maria filed her brief (ECF No. 19) to which Defendants responded (ECF Nos. 20-21).

After considering the parties' motions, oral arguments, controlling law, and briefs, the Court DENIES IN PART AND GRANTS IN PART Defendants' Motion. Specifically, the Court grants the Motion as to all claims against the Defendant Corporations and denies the Motion as to the fourth and fifth causes of action against Conrad for conversion and unjust enrichment for the reasons herein. The Court has subject matter jurisdiction and finds that the domestic relations exception is not applicable to this action and that abstention is not appropriate in this case.

I.       FACTUAL AND PROCEDURAL BACKGROUND

In November 2004, the Commonwealth Superior Court entered a decree of absolute divorce ("Divorce Decree," ECF No. 13-2)[1] granting Conrad's petition for divorce. (Compl. ¶ 8.) The Superior Court found that Conrad was entitled to a divorce and restored the parties to the status of single persons. (Divorce Decree 1.) In the Decree, the Superior Court noted that it would address all other remaining issues in the case regarding Maria and Conrad's divorce at a later hearing. (*Id.* at 1-2.)

Four years later, in June 2008, the Superior Court entered its Findings of Fact and Conclusions of Law ("FFCL"), resolving the residual issues in Maria and Conrad's divorce by determining the custody of their children, property distribution, and marital debts. (Compl. ¶ 9; FFCL 1, ECF No. 6-1.) In the divorce action *Sablan v. Sablan,* FCD-DI Civil Action No. 03-0378 ("Divorce Action"), only Maria and Conrad are the named parties; but the shares among the three Defendant Corporations—Sablan Ent., Sablan Construction Co., Ltd., and Sablan Corp.—originally under the name of Conrad only, were equally divided between Maria and Conrad by the Superior Court. (Compl. ¶ 10.) Since 2008, Maria asserts she has been a

---

[1] When ruling on a Rule 12(b)(6) motion, a court may consider only the pleadings and limited materials, such as "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In Maria's Complaint, she specifically references the Divorce Decree. (Compl. ¶ 8.)

shareholder of Defendant Corporations. (*Id*. ¶¶ 11-13; FFCL ¶ 4(c).) Her shares have never been sold or transferred. (Compl. ¶ 14.) Maria claims that "[s]ince becoming a shareholder, [she] has received no notice of any shareholders' meetings, no notice of any corporate elections, and no dividends or other share in any distributions of any profits or other funds from the Defendant Corporations, or from any of them." (Compl. ¶ 15.) In addition, she has not been listed as shareholder in any of the Defendant Corporations' annual corporate reports. (*Id*. ¶¶ 16-18; *see* ECF Nos. 6-2–6-4.) Defendant Corporations have nevertheless conducted their business continuously since 2008 "as if [Maria] were not a shareholder, and did not exist." (Compl. ¶ 19.) Furthermore, "[o]n information and belief, any and all profits, dividends, benefits, and other funds from the Defendant Corporations that should have gone to [Maria] have gone instead to [Conrad]." (*Id*. ¶ 20.)

Fourteen years after the Superior Court decided the distribution of the marital assets, Maria initiated this civil action for declaratory and injunctive relief and damages asserting five causes of action against Defendant Corporations: breach of fiduciary duty; accounting for their business dealings; declaratory and injunctive relief regarding her status as a shareholder; conspiracy; and aiding and abetting. (*Id*. ¶¶ 23, 26, 29-30, 39, 44.) Maria also asserts three causes of action against Conrad: conversion, unjust enrichment, and conspiracy. (*Id*. ¶¶ 33, 37, 39.)

## II.     LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendionda v. Centinela Hosp. Med. Ctr*., 521 F.3d 1097, 1004 (9th Cir. 2008). Factual allegations must be enough to "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a) which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Id*. In considering a Rule 12(b)(6) motion to dismiss, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

Generally, when ruling on a 12(b)(6) motion, a court may consider only the pleadings and limited materials, such as "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *Ritchie*, 342 F.3d at 908. If a court considers other evidence, "it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *Id.* at 907.

### III.   DISCUSSION

Defendants Sablan Corp., Sablan Construction, Co., Ltd., and Conrad ("Movants") moved to dismiss the complaint against them for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In particular, Movants contend that the Divorce Action is still pending. (Mot. 4.) They argue that although the Superior Court entered its FFCL after a bench trial, Rule 52 of the Northern Mariana Islands ("NMI") Rules of Civil Procedure requires the issuance of a judgment entered under Rule 58. (*Id*. at 5-6.) Because the Superior Court has not issued a judgment, they assert that Maria's claims are not ripe. (*Id*. at 6.) Co-defendant Sablan Ent. joined in the motion and adds the argument that it was not a party in the Divorce Action and was never noticed nor served of any orders from the Divorce Action. (Def. Sablan Ent. Joinder 1-2.)

In response, Maria argues that the Superior Court's FFCL ended the litigation of the Divorce Action on the merits and is the final judgment. (Opp. 2-3.) No separate document was needed for the FFCL to be final and appealable, provided that 150 days had passed since its entry pursuant to the NMI Superior Court Rule 4. (*Id.* at 5-6.) Further, Maria contends that even if the FFCL was not final, it was effective, and thus enforceable. (*Id.* at 7.) Finally, Maria asserts that the Defendant Corporations had notice and, regardless of whether they had notice, lack of notice is not a defense. (*Id.* at 10.)

In the context of the divorce action, this Court finds that the FFCL is an order, part of the Divorce Decree, and therefore a final order, not requiring the Superior Court to enter a separate judgment as Defendants argue is required under NMI Rules of Civil Procedure 52 and 58 for this Court to enforce it as an order. Additionally, the Court finds that it has subject matter jurisdiction, and the domestic relations exception does not apply to this action because Maria seeks to enforce the FFCL and not for this Court to issue or modify a divorce, child custody, or alimony decree. The Court also finds abstention inappropriate in this action. Last, the Court concludes that based on the allegations in the Complaint, and particularly the lack of an affirmative statement of service and notice of the FFCL on the Defendant Corporations, the Defendant Corporations have not been afforded due process because of the lack of notice of the FFCL. As such, all causes of action as against Defendant Corporations—first through third, sixth, and seventh causes of action—are dismissed with leave for Plaintiff Maria to amend her Complaint. Ultimately, the Court also dismisses the conspiracy allegation in the sixth cause of action against Conrad pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.

**A. The FFCL is part of the Divorce Decree and therefore a final order.**

Defendants assert that because the Superior Court "has yet to enter a judgment" accompanying its FFCL that this action must be dismissed. (Mot. 6.) Defendants further argue that when the Superior Court entered the parties' Divorce Decree in 2004, and its FFCL in 2008, the NMI Rules of Civil Procedure required the Superior Court to enter a separate judgment. (*See id.*) This Court disagrees.

The Court first finds that the 2008 FFCL is a Superior Court order and part of the 2004 Divorce Decree. The Superior Court finalized Maria and Conrad's divorce in two parts. First, the Superior Court's 2004 Divorce Decree granted Conrad's request, contained in his petition, for a divorce. (Divorce Decree 1.) Second, the Superior Court issued its 2008 FFCL disposing of the remaining issues in Maria and Conrad's Divorce Action, which included child custody, distribution of marital property, and martial debts. (Compl. ¶ 9; FFCL 1.)

Pursuant to 8 CMC § 1102(a), "[a]ll proceedings for . . . divorce shall be commenced by petition signed and sworn to by the petitioner or petitioners personally." In the Divorce Decree, the Superior Court granted petitioner Conrad an absolute divorce from respondent Maria and the parties were restored to the status of single persons. (Divorce Decree 1); *see also* 8 CMC § 1312 ("The effect of a decree of annulment or divorce when it has become absolute is to restore the parties to the state of unmarried persons so far as the marriage in question is concerned."). The Divorce Decree further ordered the matter continued to address "all other remaining issues in this case." (*Id*. at 1-2.) After a trial, the Superior Court entered its FFCL after considering "the testimony heard during trial, and the parties' submissions relative to the entry of a final decree," and specifically "enters order for . . . property distribution as follows." (FFCL 1.) After announcing its decision in the FFCL, the Superior Court specifically, "SO ORDERED." (*Id*. at 6.) This language plainly dictates that the FFCL is an order. Because the FFCL disposed of Maria

and Conrad's remaining issues from the Divorce Decree—custody, property distribution, and division of marital debts—and consistent with 8 CMC § 1312's description of the effect of a divorce decree restoring the parties' state of unmarried persons, and 8 CMC § 1833's treatment of certain property at dissolution, the Court finds that the FFCL is part of the Divorce Decree.

Once the Superior Court issued its Divorce Decree pursuant to 8 CMC § 1103, the Divorce Decree did not become absolute or affect the legal status of the parties until the period of appeal expired. Title 8, CMC § 1103(b) provides: "Except as otherwise expressly provided by this division . . . divorce proceedings shall be governed by the provisions of law and rules of civil procedure applicable to civil actions."

Once the Superior Court issued the FFCL that resolved all the remaining disputed issues in Conrad's petition for divorce, and the period of appeal passed without an appeal of the Divorce Decree or the FFCL, then under 8 CMC § 1103, the FFCL was the final order that decreed the resolution of the remaining issues, ended the litigation on the merits, and left nothing for the Superior Court to do. *See* 8 CMC § 1833(c).

The CNMI's family law at 8 CMC § 1311 addresses when the Superior Court may make temporary orders. It provides as follows:

> In granting or denying an annulment or a divorce, the court may make such orders for custody of minor children for their support, for support of either party, and for the disposition of either or both parties' interest in any property in which both have interests, as it deems justice and the best interests of all concerned may require. *While an action for annulment or divorce is pending*, the court *may make temporary orders* covering any of these matters *pending final decree*. Any decree as to custody or support of minor children or of the parties is subject to revision by the court at any time upon motion of either party and such notice, if any, as the court deems justice requires.

(*Id*.) (emphasis added.) Once a final decree is issued, the orders are no longer temporary. *See id.* Here, if Conrad wished to revise the award of custody or support of the minor children dictated in the FFCL order from the Superior Court, he could have sought relief from the Superior Court

pursuant to § 1311. If he wished to challenge the disposition of the marital property, he needed to appeal the FFCL. At the hearing on Defendants' Motion, Conrad admitted to not appealing either the FFCL or the Divorce Decree.

The Court rejects Defendants' argument that NMI Rule of Civil Procedure 52 and therefore Rule 58 require that the Superior Court enter a separate judgment in Maria and Conrad's Divorce Action. Title 8, CMC § 1103(b) states that the rules of civil procedure applicable to civil actions apply to divorce proceedings such as Maria and Conrad's. However, the rules apply *only if* the domestic relations division of the Commonwealth Code does not expressly provide otherwise. 8 CMC § 1103(b). Section 1103(a) provides that "[a]ll decrees for … divorce" are subject to appeal. Nowhere does the division permit or direct the Superior Court to enter a judgment. Rather, the division dictates that the Superior Court may issue orders while a divorce action is pending, and a divorce decree when the action has concluded. In the divorce action, the Superior Court issued a Divorce Decree, which dissolved the marriage and directed the resolution of the remaining issues for a separate hearing. That hearing concluded with the issuance of the FFCL. As such, Rule 52 and therefore 58 do not govern in the underlying Divorce Action between Maria and Conrad.

**B. Maria seeks enforcement of her Divorce Decree, and therefore the domestic relation exception does not apply.**

Defendants argue that the domestic relations exception applies in this case and therefore the Court does not have subject matter jurisdiction. (Def. Corps.' Supp. 5; Def. Conrad's Supp. 5.) This Court disagrees.

The U.S. Supreme Court and the circuit courts following have grappled with the extent of their jurisdictional reach in cases involving domestic relations. The domestic relations exception "exclude[es] 'domestic relations' cases from the jurisdiction of lower federal courts, a jurisdictional limitation those courts have recognized ever since[.]" *Barber v. Barber*, 62 U.S.

582 (1858). However, the Supreme Court has subsequently held that the exception "covers only a '*narrow* range of domestic relations issues' and only 'divests the federal courts of powers to *issue* divorce, alimony, and child custody decrees.'" *Marshall v. Marshall*, 547 U.S. 293, 307 (2006) (emphasis added). But, in cases where a party seeks *enforcement* of a divorce decree, federal courts may exercise its discretion over such enforcement. *See id.* at 307.

Here, the Superior Court's FFCL as part of the Divorce Decree, explicitly provides Maria with 750 shares of Sablan Ent., 1,563 shares of Sablan Construction Co., Ltd., and 12,532 shares of Sablan Co. (FFCL ¶ 4(c)). In each of Maria's causes of action, she seeks to enforce the FFCL against Defendants, and as to her request for declaratory relief, she seeks this Court to declare that she is the owner of the corporate shares, which the Superior Court has already done in its FFCL. Nowhere in Maria's Complaint does she seek this Court to issue or modify a divorce, alimony, or child custody decree. As such, the Court finds that it has jurisdiction, and the domestic relations exception does not apply.

**C. Abstention is not appropriate in this case.**

Defendants assert *Burford* abstention and the *Colorado River* doctrine warrants dismissal in this action. (Def. Response 8-9.) The Court finds neither appropriate.

**1.** ***Burford* Abstention**

In specific circumstances, abstention principles developed in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), may be applicable. The Supreme Court addressed whether *Burford* abstention should apply in the family relations case *Akenbrandt*. *Akenbrandt v. Richards*, 504 U.S. 689, 706 (1992). The Supreme Court stated it is not inconceivable that *Burford* abstention might be relevant in a case involving domestic relations. *Id.* at 705. "This would be so when a case presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.'" *Id.* at 705-06 (quoting *Colo. River*

*Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976)). However, the Supreme Court found that *Burford* abstention was not applicable in *Akenbrandt* because "the status of the domestic relationship has been determined as a matter of state law." *Id.*

This is also true for the status of Conrad and Maria's domestic relationship. In their Divorce Action, the Divorce Decree and subsequent FFCL not only determined the status of their marital relationship by granting Conrad the divorce he sought from Maria, but the Superior Court also resolved all other matters in their Divorce Action pertaining to child custody and property distribution.

After *Akenbrandt*, the Ninth Circuit outlined the elements required for *Burford* abstention. *Burford* abstention requires (1) "that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court"; (2) "that federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence"; (3) "that federal review might disrupt state efforts to establish a coherent policy." *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) (quoting *Knudsen Corp. v. Nev. State Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir. 1982)).

In this case, there is no agency action and therefore the first element is not met. As to the second element, although the Superior Court may have special competence in divorce proceedings and family relations cases, the enforcement of Maria and Conrad's Divorce Decree and FFCL is not a complex state law issue. *See Akenbrandt*, 504 U.S. at 705-06. Moreover, the Court's enforcement of the Divorce Decree and FFCL can easily be separated from the underlying Divorce Action—in particular, because Conrad and Maria's Divorce Action has concluded. Finally, judicial review by this Court will not interfere with the CNMI's efforts to establish a coherent policy because while sitting in diversity jurisdiction, the Court applies the

substantive law of the state. *See Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). As such, the Court finds *Burford* abstention inapplicable to this matter.

### 2. *Colorado River* Doctrine

The Court further finds that the *Colorado River* doctrine does not warrant abstention in this action. The Ninth Circuit has established an eight-part factor inquiry to determine whether a stay or dismissal is appropriate pursuant to the *Colorado River* doctrine:

    (1) which court first assumed jurisdiction over any property at stake;
    (2) the inconvenience of the federal forum;
    (3) the desire to avoid piecemeal litigation;
    (4) the order in which the forums obtained jurisdiction;
    (5) whether federal law or state law provides the rule of decision on the merits;
    (6) whether the state court proceedings can adequately protect the rights of the federal litigants;
    (7) the desire to avoid forum shopping; and
    (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011) (citing *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002)).

Here, the first factor is neutral because the instant dispute does not involve the resolution of the ownership of any specific piece of property but is instead the *enforcement* of the distribution of the marital property as resolved through the Divorce Decree and FFCL. *See R.R. St.*, 656 F.3d at 979 (finding first factor irrelevant because the dispute did not involve property). The second factor is also neutral because this Court and the Superior Court are geographically near one another. *See id.* (finding second factor irrelevant because both forums located in same city).

As to the third factor, "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Id.* (quoting *Am. Int'l Underwriters, (Phil.), Inc. v. Cont'l Ins. Co.,* 843 F.2d 1253, 1258 (9th Cir.1988)). Here,

piecemeal litigation is not present. The Superior Court resolved all matters in Conrad and Maria's divorce proceeding, including custody of their children, property distribution, and marital debts. (Compl. ¶ 9; FFCL 1, ECF No. 6-1.) This action pertains to the enforcement of the Superior Court's Divorce Decree and particularly its FFCL. Therefore, this factor supports the Court exercising its jurisdiction.

In the fourth factor, the Court determines which forum obtained jurisdiction first. In doing so, the Court does not simply look to filing dates, but analyzes the progress made in each case. *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 843 (9th Cir. 2017) (citation omitted). Here, Maria and Conrad's divorce proceeding was filed before this civil action was initiated; however, the Superior Court has resolved all pending matters before it. As such, this factor weighs in favor of exercising jurisdiction.

As to the fifth factor, the Court considers "whether federal law or state law provides the rule of decision on the merits." *R.R. St.*, 656 F.3d at 978. The presence of state law issues only weighs against surrender of jurisdiction in rare circumstances. *Seneca Ins. Co., Inc.*, 862 F.3d at 844 (citations omitted). "[S]tate law provides the rule of decision supports abstention only when the state law questions are themselves complex and difficult issues better resolved by a state court; it is not enough that a state law case is complex because it involves numerous parties or claims." *Id.* (citing *R.R. St.*, 656 F.3d at 980–81). Here, Maria's causes of action are not complex, and therefore this factor weighs in favor of the Court exercising its jurisdiction.

As to the sixth factor, the Ninth Circuit has stated that

> [a] district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants. For example, if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate.

*R.R. St.,* 656 F.3d at 981. There is no indication that the Superior Court is incapable of the enforcement of Maria and Conrad's Divorce Decree and FFCL. As such, this factor weighs in

favor of abstention. However, the Ninth Circuit has indicated that this factor "is more important when it weighs in favor of federal jurisdiction." *Id.* (quoting *Travelers Indem. Co. v. Madonna,* 914 F.2d 1364, 1370 (9th Cir. 1990)).

As to the seventh factor, the Ninth Circuit dictates that when evaluating forum shopping under *Colorado River*, the Court considers whether "either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." *Seneca Ins. Co.*, 862 F.3d at 846. Defendants' contention in this case is that the FFCL does not have a judgment to make it final, and it is not an order but merely findings of fact and conclusions of law, but the Court has concluded otherwise. Maria does not seek to avoid any ruling in the Superior Court, rather, she now seeks to enforce her Divorce Decree and subsequent FFCL, which resolved all issues in Conrad's and Maria's Divorce Action. As such, the Court finds this seventh factor weighs in favor of exercising its jurisdiction. *See id.; Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989).

As to the final factor, the Court considers "whether the state court proceeding sufficiently parallels the federal proceeding" and will resolve all issues before the federal court. *R.R. St.,* 656 F.3d at 982. "In short, the adequacy factor pertains to whether there is an impediment to the state court protecting the litigants' federal rights, while the parallelism factor considers whether the parallel proceedings address 'substantially similar' claims." *Seneca Ins. Co.*, 862 F.3d at 845. Although there is no impediment to the state court protecting Maria's federal rights because the divorce proceeding has no pending matters, the state court proceeding and this action are not substantially similar and therefore not parallel proceedings. Because these factors are more relevant when it counsels against abstention, the Court finds that this factor weighs in favor of the Court exercising its jurisdiction. *See id.*

In summary, more than half of the factors weigh in favor of the Court exercising its jurisdiction, and two factors are neutral. Therefore, the Court does not find it appropriate to abstain in this matter.

**D. Sablan Enterprise and other Defendant Corporations did not receive notice and therefore do not have due process.**

Defendant Sablan Enterprise Inc. alleges that it did not receive notice of the Superior Court's orders in Maria and Conrad's divorce action, and therefore the bringing of this action before the Court without any prior notice or service of process of Conrad and Maria's divorce orders, is a violation of its due process rights. (Def. Sablan Ent. Joinder 1-2.) Maria first argues that her Complaint alleges sufficient facts that Defendant Corporations knew that Conrad's conduct was wrongful. (Opp. 10.) Second, Maria argues that lack of notice is not a defense as to her first cause of action because fiduciary duties include a duty to investigate. (*Id.*) Last, Maria argues that lack of notice is also not a defense to her third cause of action for declaratory and injunctive relief because it is forward looking. (*Id.*)

First, the Court finds Maria does not allege sufficient facts to support that Sablan Enterprise or any of the other Defendant Corporations had notice of the Divorce Decree and FFCL allocating the corporate shares and therefore knowledge of the ordered distribution of the shares. "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Here, Maria points to a series of statements in her Complaint that Defendant Corporations knew of Conrad's wrongful conduct. (Opp. 10.) However, Maria's statements are mere conclusions that are not entitled to the assumption of truth. *See Ashcroft*, 556 U.S. at 664.

Second, even if the Court were to assume a fiduciary relationship exists as between Maria and Defendant Corporations—even though Maria does not allege any facts that Defendant

- 14 -

Corporations knew of the FFCL dividing Conrad's corporate shares—a duty to investigate exists where a fiduciary relationship exists *when there is notice of facts sufficient to arouse the suspicions of a reasonable man. Graham-Sult v. Clainos*, 756 F.3d 724, 743 (9th Cir. 2014). Maria has not alleged any facts arousing the suspicion of a reasonable man in her Complaint, other than mere conclusions, to establish Defendant Corporations had a duty to investigate.

Third, Maria's request for declaratory and injunctive relief is not solely forward looking because she requests a mandatory injunction commanding Defendants to render an account and balance to Maria since she initially acquired the corporate shares in 2008. (Compl. at Prayer for Relief ¶ 3.)

Therefore, the Court grants the motion pursuant to Rule 12(b)(6) and dismisses all causes of action against Defendant Corporations for Maria's failure to state sufficient facts to support her claim, with leave for Maria to amend her Complaint.

### E. The cause of action for conspiracy is dismissed.

As to the sixth cause of action for conspiracy, the Court finds that Maria makes no factual allegations that the Defendants entered a conspiracy and merely makes conclusory statements of law, which are not entitled to the assumption of truth. *See Ashcroft*, 556 U.S. at 664. Therefore, as against all Defendants, the sixth cause of action is dismissed with leave to amend.

### IV.   CONCLUSION

For the foregoing reasons, the Court has subject matter jurisdiction based on diversity jurisdiction, and finds the domestic relations exception inapplicable to this action. Furthermore, the Court concludes that abstention is not appropriate in this case. Finally, the Court grants the motion to dismiss in part by dismissing all claims against the Defendant Corporations (first through third, sixth, and seventh causes of action) and the conspiracy claim

against Conrad; but denies the Motion in part such that the claims against Conrad in the fourth and fifth causes of action for conversion and unjust enrichment remain.

IT SO ORDERED this 19th day of August 2024.

RAMONA V. MANGLONA
Chief Judge