F I L E D
Clerk
District Court
JUN 09 2026
for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

MARIA VERNA LIZA SABLAN,

        Plaintiff,

    v.

CONRAD MUÑA SABLAN,

        Defendant.

_____

CONRAD MUÑA SABLAN,

        Counterclaimant,

    v.

MARIA VERNA LIZA SABLAN,

        Counter-defendant.

Case No. 1:22-cv-00013

**DECISION AND ORDER
DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION**

Before the Court is Defendant and Counterclaimant Conrad Muña Sablan's ("Conrad") motion for reconsideration of the Court's findings of fact and conclusions of law ("FFCL"), which judgment was entered based upon. (Mot., ECF No. 104.) Plaintiff and Counter-defendant Maria Verna Liza Sablan ("Maria") filed her opposition (Opp'n, ECF No. 105), to which Conrad replied (Reply, ECF No. 107). The motion was considered without oral argument. (ECF No. 109.) For the following reasons, the Court DENIES Conrad's motion.

## I.    LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal citations omitted).

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct *manifest errors of law or fact upon which the judgment is based*;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

*Id.* (emphasis in original) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

## II.    DISCUSSION

Conrad initially moved for reconsideration under Fed. R. Civ. P. 54(b) (Mot. 2), but now agrees with Maria that Rule 59(e) provides the governing standard, as judgment has already been entered on February 25, 2026 (Reply 1–2). The Court agrees, and finds that Conrad has not met that standard. Conrad does not contend there is any newly discovered evidence or change in controlling law. Instead, he moves for reconsideration on the basis that it is necessary to correct manifest errors of law and facts, and to prevent manifest injustice. (*See* Reply 2.) The Court's FFCL details its reasoning for finding the restitution amount due to Maria, in addition to the appropriate statute of limitations for Conrad's counterclaim for unjust enrichment. (*See* FFCL 7–14, 20–21, ECF No. 102.) As Conrad himself recognizes, he has already presented—whether at trial or in his proposed findings of fact and conclusions of law—many of the arguments he now relies upon in support for reconsideration. (*See* Mot. 5–6; Reply 4.) As to any arguments that Conrad has not previously presented explicitly, the Court does not see any reason why the arguments could not have been raised prior to the entry of judgment; thus, relying on them for reconsideration at this stage is inappropriate. *See Milano v. Carter*, 599 Fed. App'x 767, 768 (9th

Cir. 2015) (A Rule 59(e) motion may not be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). Lastly, even if the Court were to consider Conrad's arguments in support of reconsideration, it does not find any manifest errors of law or fact, or manifest injustice that would warrant granting the motion.

The Court briefly addresses Conrad's new argument on reconsideration that his counterclaim for unjust enrichment for Maria's failure to pay her share of the marital debt is a "'compulsory counterclaim' required to be filed in this case pursuant to NMI R. Civ. P. 13(a)(1).[1]" (*See* Mot. 8.) Even assuming that Conrad's counterclaim meets the legal requirements for being a compulsory counterclaim, the Court agrees with Maria and finds that Conrad's counterclaim would still be barred by the applicable statute of limitations—the catch-all six year statute of limitations outlined at 7 CMC § 2505. (*See* Opp'n 8.) "[A] compulsory counterclaim relates back to the filing of the original complaint . . . ." *Religious Tech. Ctr. v. Scott*, 82 F.3d 423, 1996 WL 171443, at *8 (9th Cir. 1996) (citing *Emps. Ins. of Wausau v. United States*, 764 F.2d 1572, 1576 (Fed. Cir. 1985)). The original complaint in this matter was filed in 2022, more than six years after Conrad's claims accrued, which was no later than 2015. (*See* FFCL 20.) Thus, even if the Court were to extend every benefit of the doubt to Conrad by assuming his counterclaim is a compulsory counterclaim, it would still be time-barred.

//

---

[1] Conrad cites to Commonwealth of the Northern Mariana Islands law regarding compulsory counterclaims, but a federal court sitting in diversity applies state substantive law and federal procedural law. *See In re County of Orange*, 784 F. 3d 520, 523–24 (9th Cir. 2015) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). "Rules regarding compulsory counterclaims are procedural, and the federal rules therefore apply." *De Salles v. Cook*, No. CV161111DMGPJWX, 2016 WL 9113995, at *3 n.2 (C.D. Cal. May 12, 2016) (internal citations omitted). Rule 13(a) of the Federal Rules of Civil Procedure governs compulsory counterclaims.

**III.     CONCLUSION**

For the foregoing reasons, Conrad has failed to meet his burden of showing that the extraordinary remedy of reconsideration is appropriate in this matter, and therefore the Court DENIES his motion. Because there are no pending claims against any parties in this action, the Clerk is directed to close this case.

IT IS SO ORDERED this 9th day of June, 2026.

RAMONA V. MANGLONA
Chief Judge